UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

TIMOTHY DALE STEPHENS,         )
                               )
            Petitioner,        )
v.                             )    No. 2:13-cv-00041-JMS-WGH
                               )
SUPERINTENDENT, Putnamville    )
 Correctional Facility,        )
                               )
            Respondent.        )

**Entry Discussing Petition for a Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Timothy Stephens for a writ of habeas corpus must be **denied** and the action dismissed without prejudice. In addition, the court finds that the certificate of appealability should not issue.

**I.**

"Before a federal court can entertain a petition for habeas corpus, a state prisoner must exhaust h[is] state remedies, presenting h[is] claims fully and fairly to the state courts.@ *Howard v. O*=*Sullivan,* 185 F.3d 721, 726 (7th Cir. 1999) (citing 28 U.S.C. ' 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*,119 S. Ct. 1728, 1732 (1999); *Patrasso v. Nelson,* 121 F.3d 297, 301 (7th Cir. 1997)). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes,* 390 F.3d 1019, 1025–26 (7th Cir. 2004).

Stephens claims in his amended petition for writ of habeas corpus that his parole from a state conviction was improperly imposed and was then improperly revoked. He contends his sentence for that conviction has expired. These are claims which can be asserted in the trial court in an action for post-conviction relief, which provides Stephens a meaningful remedy in the Indiana courts. *Wallace v. Duckworth,* 778 F.2d 1215, 1219 (7th Cir. 1985).

"The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 10 (1992). As presented at this point, therefore, Stephen's petition for writ of habeas corpus does not permit the Court to consider the merits of his claims. The action will therefore be dismissed without prejudice.

Judgment consistent with this Entry shall now issue.

**II.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ′ 2254 Proceedings*, and 28 U.S.C. ′ 2253(c), the Court finds that Stephens has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date: 06/10/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

<u>Distribution by U.S. Mail to:</u>

Timothy Dale Stephens
DOC #105568
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. 40
Greencastle, IN 46135-9275